IN THE UNITED STATES BANKRUPTCY COURT
FOR WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| LITTLE RIVER HEALTHCARE HOLDINGS, LLC, ET AL.,[1] | § § § § § | CASE NO. 18-60526-RBK<br><br>CHAPTER 7 |
| Debtors. | § | |
| JAMES STUDENSKY, CHAPTER 7 TRUSTEE, | § § | |
| Plaintiff, | § § | |
| V. | § § | ADV. PRO. NO. 20-[_____] |
| ARAMARK UNIFORM SERVICES (TEXAS) LLC, ARAMARK UNIFORM & CAREER APPAREL, LLC, AND ARAMARK UNIFORM SERVICES, INC. | § § § § § | |
| Defendants. | § | |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

James Studensky, the duly appointed Chapter 7 Trustee (the "Trustee") for Little River Healthcare Holdings, LLC, et al. (the "Debtors"), by and through his undersigned counsel, files this complaint (the "Complaint") to avoid and recover transfers against Aramark Uniform Services (Texas) LLC, Aramark Uniform & Career Apparel, LLC, and Aramark Uniform Services, Inc. (the "Defendants"), and to disallow any claims held by Defendants. In support of this Complaint, the Trustee alleges that:

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Compass Pointe Holdings, LLC (1142), Little River Healthcare Holdings, LLC (7956), Timberlands Healthcare, LLC (1890), King's Daughters Pharmacy, LLC (7097), Rockdale Blackhawk, LLC (0791), Little River Healthcare - Physicians of King's Daughters, LLC (5264), Cantera Way Ventures, LLC (7815), and Little River Healthcare Management, LLC (6688)

1

## NATURE OF CASE

1. The Trustee seeks to avoid and recover from Defendants, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the ninety (90) day period prior to the commencement of the bankruptcy proceedings of Little River Healthcare Holdings, LLC and its affiliated debtors (collectively, the "Debtors") pursuant to §§ 547 and 550 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Subject to proof, the Trustee also seeks to avoid and recover from Defendants or any other person or entity for whose benefit transfers were made pursuant to §§ 548 and 550 of the Bankruptcy Code any transfers that constitute fraudulent transfers.

2. In addition, the Trustee seeks to disallow, pursuant to § 502(d) and (j) of the Bankruptcy Code, any claim that Defendants have filed or asserted against the Debtors or that has been scheduled for Defendants. The Trustee does not waive but hereby reserves all of his rights to object to any such claim for any reason, including, but not limited to, any reason set forth in § 502(a) through (j) of the Bankruptcy Code.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this adversary proceeding, which arises in and under title 11, and relates to cases filed under title 11 and pending in the United States Bankruptcy Court for the Western District of Texas (the "Court"), captioned *In re Little River Healthcare Holdings, LLC, et al.*, Case No. 18-60526-rbk, pursuant to 28 U.S.C. §§ 157 and 1334(b).

4. The statutory and legal predicates for the relief sought herein are §§ 502, 547, 548, and 550 of the Bankruptcy Code, and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5. This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter final orders for matters contained herein.

6. Venue is proper pursuant to 28 U.S.C. § 1409.

## PROCEDURAL BACKGROUND

7. On July 24, 2018 (the "Petition Date"), the Debtors each commenced a case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code.

8. On July 27, 2018, the Court entered an order authorizing the joint administration of the chapter 11 cases for procedural purposes pursuant to Bankruptcy Rule 1015(b) [Bankr. Docket No. 38].

9. On December 7, 2019, this Court entered its Order Converting Chapter 11 Cases to Chapter 7, and appointing the Trustee [Bankr. Docket No. 547].

## THE PARTIES

10. The Trustee has the capacity, in his own right and name, to prosecute, collect, compromise, and/or settle causes of action, including the instant action.

11. Upon information and belief, Defendants were, at all relevant times, vendors or creditors that provided services or goods to or for the Debtors. Upon further information and belief, these goods or services included providing uniforms, or other goods or services. Upon further information and belief, at all relevant times, Defendant Aramark Uniform Services (Texas) LLC is a limited liability company who may be served through its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Additionally, Defendant Aramark Uniform Services (Texas) LLC may be served at PO Box 7548, Philadelphia, PA 19101-7548.

12. Upon further information and belief, at all relevant times, Defendant Aramark Uniform & Career Apparel, LLC is a limited liability company who may be served through its

registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900. Additionally, Defendant Aramark Uniform & Career Apparel, LLC may be served at 350 N. Saint Paul Street, Dallas, TX 75201.

13. Upon further information and belief, at all relevant times, Defendant Aramark Uniform Services, Inc. is a corporation who may be served through its registered agent, CT Corporation System, at 350 N. St. Paul Street, Dallas, TX 75201. Additionally, Defendant Aramark Uniform Services, Inc. may be served at PO Box 7548, Philadelphia, PA, 19101 and PO Box 731676, Dallas, TX 75373.

**FACTUAL BACKGROUND**

14. As of the Petition Date, the Debtors operated two rural hospitals in addition to imaging centers, surgery centers, physical rehabilitation centers, and physician practices, most of which were operated in the Central Texas market.

15. As operators of various healthcare facilities, the Debtors regularly purchased goods from various entities including vendors, creditors, suppliers, and distributors. The Debtors also regularly paid for services used to facilitate their business.

16. The Debtors faced a myriad of financial difficulties, leading to the filing of these bankruptcy cases.

17. As of the Petition Date, the Debtors maintained an integrated, centralized cash management system (the "Cash Management System") to collect, transfer, and disburse funds generated from their operations, and to among other things, pay operating expenses.

18. As of the Petition Date, the Cash Management System was composed of 21 Debtor-owned and controlled bank accounts, including 16 bank accounts at BBVA Compass, including lockbox accounts for government and non-government receivables, operating accounts, disbursement accounts, and an account holding funds for the Debtors' medical self-insurance

claims and premiums; two non-government lockbox accounts at Citizens National Bank; two government and non-government receivables accounts at Wells Fargo Bank; and one government and non-government receivables account at Extraco Bank (collectively, the "Accounts") [*See* Bankr. Docket No. 14].

19. The Debtors drew upon the Accounts to pay for their operational costs, including payment to their vendors, suppliers, distributors, and other creditors, including Defendants.

20. During the ninety (90) days before the Petition Date, that is between April 25, 2018 to July 24, 2018 (the "Preference Period"), the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to various entities.

21. Upon information and belief, during the course of their relationship, the Defendants and one or more of the Debtors entered into agreements for Defendants to provide one or more of the Debtors the services described in paragraph 11 herein, which are evidenced by invoices, communications, and other documents (collectively, the "Agreements"). The Agreements concerned and related to the goods or services provided by Defendants to one or more of the Debtors including, upon information and belief, providing uniforms.

22. Defendants conducted business with one or more of the Debtors through and including the Petition Date pursuant to the Agreements.

23. One or more of the Debtors purchased goods and/or services from Defendants as set forth herein.

24. The Trustee has completed an analysis of all readily available information of the Debtors, and is seeking to avoid all of the transfers of an interest of the Debtors' property made by the applicable Debtor(s) to Defendants within the Preference Period. The Trustee has performed

5

his own due diligence with respect to the causes of action the subject of the Complaint, including evaluation of the reasonably knowable affirmative defenses available to the Defendants.

25. One or more of the Debtors made transfers of an interest of the Debtors' property to or for the benefit of Defendants during the Preference Period through payments aggregating to an amount not less than $111,073.66 (the "Transfer" or "Transfers"). The details of each Transfer are set forth on Exhibit A attached hereto and incorporated by reference. Such details include "Transfer Number," "Transfer Amount," "Check Clear Date," "Check Number," and "Debtor Transferor(s)." Although Exhibit A is incorporated into this Complaint by reference, the Transfer details, are reproduced here for convenience:

| Date | Transfer/Check Number | Debtor Transferor(s) | Transfer Amount |
|---|---|---|---|
| 4/24/2018 | 12386 | Rockdale Blackhawk, LLC | $32,581.90 |
| | 12387 | Rockdale Blackhawk, LLC | $764.70 |
| | 12388 | Rockdale Blackhawk, LLC | $1,407.81 |
| | 12389 | Rockdale Blackhawk, LLC | $231.69 |
| | 12390 | Rockdale Blackhawk, LLC | $102.40 |
| 5/11/2018 | 4531 | Rockdale Blackhawk, LLC | $1,281.04 |
| | 4532 | Rockdale Blackhawk, LLC | $2,414.60 |
| | 12701 | Rockdale Blackhawk, LLC | $7,445.53 |
| | 1001258 | Rockdale Blackhawk, LLC | $3,812.57 |
| 6/20/2018 | 4615 | Rockdale Blackhawk, LLC | $5,238.28 |
| | 4616 | Rockdale Blackhawk, LLC | $2,562.08 |
| | 13033 | Rockdale Blackhawk, LLC | $11,169.03 |
| | 13034 | Rockdale Blackhawk, LLC | $469.27 |
| | 13035 | Rockdale Blackhawk, LLC | $254.90 |
| | 1001291 | Rockdale Blackhawk, LLC | $5,099.64 |
| 7/17/2018 | 4658 | Rockdale Blackhawk, LLC | $1,159.88 |
| | 4659 | Rockdale Blackhawk, LLC | $1,281.04 |
| | 13154 | Rockdale Blackhawk, LLC | $4,282.30 |
| | 1001310 | Rockdale Blackhawk, LLC | $5,307.38 |
| 7/23/2018 | 13230 | Rockdale Blackhawk, LLC | $12,000.00 |
| 4/27/2018 | 4473 | Rockdale Blackhawk, LLC | $2,555.32 |
| | 4479 | Rockdale Blackhawk, LLC | $9,652.30 |
| Transfer Total | | | $111,073.66 |

6

26. Based upon the Trustee's review of the available information, the Trustee has determined that the Trustee may avoid some or all of the Transfers even after taking in account the reasonably knowable affirmative defenses available to the Defendants.

27. During the course of this proceeding, the Trustee may learn (through discovery or otherwise) of additional transfers made to Defendants during the Preference Period. It is the Trustee's intention to avoid and recover all transfers made by the Debtors of an interest of the Debtors in property and to or for the benefit of Defendants or any other transferee. The Trustee reserves his right to further amend this Complaint to include: (i) further information regarding the Transfers, (ii) additional transfers, (iii) modifications of and/or revision to Defendants' names, and/or (iv) additional defendants, including any immediate and/or mediate transferees (collectively, the "Amendments"), that may become known to the Trustee at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to the originally filed complaint.

## CAUSES OF ACTION

### COUNT I
**(Avoidance of Preference Period Transfer – 11 U.S.C. § 547)**

28. The Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

29. As more particularly described on Exhibit A attached hereto and incorporated herein, during the Preference Period, the Debtor(s) identified on Exhibit A made Transfers to or for the benefit of Defendants in an aggregate amount not less than $111,073.66.

30. Each Transfer was made from one or more of the Accounts described supra, and constituted transfers of an interest in property of the transferring Debtor(s) as identified on Exhibit A.

31. Defendants were creditors at the time of each Transfer by virtue of supplying the Debtor(s) identified on Exhibit A goods and/or services identified in this Complaint, including but not limited to those services identified herein, all as more fully set forth on Exhibit A hereto, for which the Debtor(s) identified on Exhibit A were obligated to pay following delivery in accordance with the Agreements.

32. Each Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because each Transfer either reduced or fully satisfied a debt or debts then owed by the Debtor(s) identified on Exhibit A to Defendants.

33. Each Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtor(s) identified on Exhibit A to Defendants before such Transfers were made, as asserted by Defendants, including invoices that comprise the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendants prior to being paid by the transferring Debtor(s) as set forth on Exhibit A hereto.

34. Each Transfer was made while the Debtors were insolvent.

35. The Trustee is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f). See also paragraph 16 *supra*.

36. Each Transfer was made during the Preference Period, as set forth on Exhibit A.

37. As a result of each Transfer, Defendants received more than Defendants would have received if: (i) the Debtors' cases were under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendants received payments of its debts under the provisions of the Bankruptcy Code. As evidenced by the Debtors' schedules filed in the underlying bankruptcy cases as well as the proofs of claim that have been received to date, the Debtors' liabilities exceed

their assets to the point that general unsecured creditors will not receive a full payout of their claims from the Debtors' bankruptcy estates.

38. In accordance with the foregoing, each Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

## COUNT II
### (Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))

39. The Trustee hereby incorporates all previous allegations as though fully set forth herein.

40. To the extent one or more of the Transfers identified on Exhibit A was: not made on account of an antecedent debt; was in payment of a flat-fee bill, e.g., for $100,000.00, when $100,000.00 of goods and/or services were not actually provided by the Defendants to one or more of the Debtors; was a prepayment for goods and/or services subsequently received; or was a transfer made by one Debtor without a corresponding intercompany receivable recorded by the Debtor incurring the debt, the Trustee pleads in the alternative that the Debtor(s) making such transfer(s) did not receive reasonably equivalent value in exchange for such transfer(s) (the "Potentially Fraudulent Transfers"); and

41. The Debtors were insolvent as of the date of the Transfer(s), or became insolvent as a result of the Transfer(s); or

42. The Debtors were engaged, or about to engage, in business or a transaction for which any property remaining with the Debtors or for whose benefit the Transfer(s) was made was an unreasonably small capital; or

43. The Debtors intended to incur, or believed they would incur, debts beyond their ability to pay upon maturity.

44. Based upon the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

## COUNT III
### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

45. The Trustee incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Count.

46. The Trustee is entitled to avoid the Transfers pursuant to 11 U.S.C. § 547(b) and any Potentially Fraudulent Transfers pursuant to 11 U.S.C. § 548 (collectively, the "Avoidable Transfers").

47. Defendants were the initial transferees of the Avoidable Transfers or the immediate or mediate transferees of such initial transferee or the person for whose benefit the Avoidable Transfer(s) were made.

48. Pursuant to 11 U.S.C.§ 550(a), the Trustee is entitled to recover from Defendants the Avoidable Transfers, plus interest thereon to the date of payment and the costs of this action.

## COUNT IV
### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

49. The Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

50. The Defendants are transferees of transfers avoidable under §§ 547 and/or 548 of the Bankruptcy Code, which property is recoverable under § 550 of the Bankruptcy Code. The Defendants have not paid the amount of the Avoidable Transfer(s), or turned over such property, for which Defendants are liable under 11 U.S.C. § 550.

51. Pursuant to 11 U.S.C. § 502(d), any and all claims (the "Claims") of the Defendants and/or their assignees, against these chapter 7 estates must be disallowed until such time as Defendants pay to the Trustee an amount equal to the aggregate amount of the Avoidable Transfer(s), plus interest thereon and costs.

52. Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendants, and/or their assignees, against the chapter 7 estates or the Trustee previously allowed by the Debtors or by the Trustee, must be reconsidered and disallowed until such time as Defendants pay to the Trustee an amount equal to the aggregate amount of the Avoidable Transfer(s).

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED the Trustee requests that this Court grant him the following relief against Defendants:

As to Counts I through IV, that the Court enter a judgment against Defendants:

(a) That all Avoidable Transfers avoidable under 11 U.S.C. §§ 547 or 548 in the amount of at least $111,073.66 be avoided;

(b) That all Avoidable Transfers avoided pursuant to 11 U.S.C. §§ 547 or 548 be recovered by Trustee pursuant to 11 U.S.C. § 550;

(c) Disallowing, in accordance with 11 U.S.C. § 502(d), any Claims held by Defendants and/or their assignees until Defendants satisfy the judgment;

(d) Disallowing, in accordance with 11 U.S.C. § 502(j), any claims held by Defendants and/or their assignees until Defendants satisfy the judgment;

(e) Awarding pre-judgment interest at the maximum legal rate running from the date of each Transfer to the date of the judgment herein;

(f) Awarding post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus fees, costs, and expenses;

(g) Requiring Defendants to pay forthwith the judgment amount awarded in favor of Trustee; and

(h) Granting Trustee such other and further relief as the Court deems just and proper.

Dated: July 24, 2020

        JACKSON WALKER LLP
        100 Congress Avenue, Suite 1100
        Austin, TX 78701
        (512) 236-2000 – Telephone
        (512) 236-2002 – Facsimile

        /s/ *Jennifer F. Wertz*
        Jennifer F. Wertz
        State Bar No. 24072822
        (512) 236-2247 – direct dial
        (512) 391-2147 – direct fax
        Email: jwertz@jw.com

        Vienna F. Anaya
        State Bar No. 24091225
        2323 Ross Avenue, Suite 600
        Dallas, TX 75201
        (214) 953-6047 – direct dial
        (214) 661-6647 – direct fax
        Email: vanaya@jw.com

        **COUNSEL FOR JAMES STUDENSKY, CHAPTER 7 TRUSTEE**

## **EXHIBIT A**

| Date | Transfer/Check Number | Debtor Transferor(s) | Transfer Amount |
|---|---|---|---|
| 4/24/2018 | 12386 | Rockdale Blackhawk, LLC | $32,581.90 |
| | 12387 | Rockdale Blackhawk, LLC | $764.70 |
| | 12388 | Rockdale Blackhawk, LLC | $1,407.81 |
| | 12389 | Rockdale Blackhawk, LLC | $231.69 |
| | 12390 | Rockdale Blackhawk, LLC | $102.40 |
| 5/11/2018 | 4531 | Rockdale Blackhawk, LLC | $1,281.04 |
| | 4532 | Rockdale Blackhawk, LLC | $2,414.60 |
| | 12701 | Rockdale Blackhawk, LLC | $7,445.53 |
| | 1001258 | Rockdale Blackhawk, LLC | $3,812.57 |
| 6/20/2018 | 4615 | Rockdale Blackhawk, LLC | $5,238.28 |
| | 4616 | Rockdale Blackhawk, LLC | $2,562.08 |
| | 13033 | Rockdale Blackhawk, LLC | $11,169.03 |
| | 13034 | Rockdale Blackhawk, LLC | $469.27 |
| | 13035 | Rockdale Blackhawk, LLC | $254.90 |
| | 1001291 | Rockdale Blackhawk, LLC | $5,099.64 |
| 7/17/2018 | 4658 | Rockdale Blackhawk, LLC | $1,159.88 |
| | 4659 | Rockdale Blackhawk, LLC | $1,281.04 |
| | 13154 | Rockdale Blackhawk, LLC | $4,282.30 |
| | 1001310 | Rockdale Blackhawk, LLC | $5,307.38 |
| 7/23/2018 | 13230 | Rockdale Blackhawk, LLC | $12,000.00 |
| 4/27/2018 | 4473 | Rockdale Blackhawk, LLC | $2,555.32 |
| | 4479 | Rockdale Blackhawk, LLC | $9,652.30 |
| **Transfer Total** | | | **$111,073.66** |